# EXHIBIT 22

## 4th Amendment – Dart Mode

ECD in dart mode constitutes an "intermediate, significant level" of force that must be justified by a strong government interest[1]

- Pepper spray and batons are also intermediate force options.

ECD against a non-violent misdemeanant who appeared to pose no immediate threat and who was given no warning was unconstitutional excessive force[2]

TASER TRAINING ACADEMY                                ©1999-2012 TASER International Inc.

1. *Bryan v. MacPherson*, 630 F.3d 805 (9th Cir. (Cal.), November 30, 2010).
2. *Id.*, quoting *Cavanaugh v. Woods Cross City*, 625 F.3d 661 (10th Cir. (Utah) November 3, 2010).



*Scott v. Harris*, 550 U.S. 372, 383 (2007).

- In determining reasonableness of the manner in which a seizure is effected, we must balance the nature and quality of the intrusion on the individual's 4th Amendment interests against the importance of the governmental interests alleged to justify the intrusion.

> ### X26 ECD Drive-Stun Guidance
> (Using (ECD) Force to Gain Volitional Compliance)
>
> Person must be given a reasonable opportunity to comply with officer's directives prior to each ECD drive-stun application.
>
> For example, the 9th Cir.[1] has found that 3 X26 ECD drive-stun applications in rapid succession provided no time for a pregnant female to recover from the extreme pain she experienced, gather herself, and reconsider her refusal to comply.
>
> TASER TRAINING ACADEMY

1. See *Mattos v. Agarano*, 661 F.3d 433 (9th Cir. (Hawaii), October 17, 2011) [includes the *Brooks v. Seattle* (WA) case]

> **Using (ECD) Force to Gain Volitional Compliance**
>
> Additionally, for each X26 ECD drive-stun application to gain volitional compliance:
>
> - The time between each X26 ECD drive-stun application must be sufficient to allow the subject to gather themselves and comply with officer's direction. (Note: according to 9th Cir. in *Mattos/Brooks* 36 seconds was insufficient.)
>
> - Officer needs to include in his report that before each X26 ECD drive-stun used to attempt to gain the person's volitional compliance the officer followed the guidelines set forth in *Mattos/Brooks*
>
> - Quantum of force will very likely be different for multi-cartridge (multi-electrode) ECD drive-stuns (X3 ECD and X2 ECD)
>
> TASER TRAINING ACADEMY

See *Mattos v. Agarano*, 661 F.3d 433 (9th Cir. (Hawaii), October 17, 2011) [includes the *Brooks v. Seattle* (WA) case]

## Beaver v. City of Federal Way

1. The use of an ECD involves the application of force.
   - Each use of force [including each ECD cycle or 5 seconds of discharge] on a person that is a 4th Amendment seizure is the application of force and must be objectively reasonable.
2. **Each additional ECD [5 seconds of] application involves an additional use of force.**
   - This is true of any use of force.

*TASER TRAINING ACADEMY* ©1999-2012 TASER International Inc.

*See Beaver v. City of Federal Way*, 507 F.Supp.2d 1137 (W.D.Wash. 2007); (qualified immunity upheld by 301 Fed.Appx. 704 (9th Cir. (Wash.) 2008)). The *Beaver* case is an excellent example of where courts are headed in analyzing law enforcement force events.

> ## Beaver v. City of Federal Way
>
> 3. Multiple ECD applications [each 5 seconds of discharge] cannot be justified solely on the grounds that a suspect fails to comply with a command, absent other indications that the suspect is an *immediate threat or about to flee* [from a serious crime].
>
> - This is particularly true when more than one officer is present to assist in controlling a situation.

*See Beaver v. City of Federal Way*, 507 F.Supp.2d 1137 (W.D. Wash. 2007); (qualified immunity upheld by 301 Fed.Appx. 704 (9th Cir. (Wash.) 2008). The *Beaver* case is an excellent example of where courts are headed in analyzing law enforcement force events.

In the example of an unarmed suspect who threatens an officer and is incapacitated by an ECD, then, after each 5-second cycle has ended, refuses to put his hands behind his back but makes no attempt to get up and is not known to be armed, additional 5-second ECD cycles might not be justified absent other indications he is an immediate threat. This is particularly true when more than one officer is present to assist in controlling a situation. The number of officers and the number of suspects is frequently one factor considered by the courts in determining the level of risk faced by the officer and what would be considered reasonable force.

### Beaver v. City of Federal Way

4. **Any decision to apply multiple ECD [5 second] applications must take into consideration whether a suspect is capable of complying with officers' commands.**
- This would apply to whether a suspect is capable of complying: physically, emotionally, language barrier, mental condition, etc.

*See Beaver v. City of Federal Way*, 507 F.Supp.2d 1137 (W.D.Wash. 2007); (qualified immunity upheld by 301 Fed.Appx. 704 (9th Cir. (Wash.) 2008). The *Beaver* case is an excellent example of where courts are headed in analyzing law enforcement force events.

Note that in the *Beaver* case, the court found that the officers gave conflicting commands.