**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

DOROTHY ANDERSON and
DEMARQUION MERRILL, as Co-Personal
Representatives of the Estate of BOBBY
MERRILL, deceased

       Plaintiffs,                         Case No.:13-11159
                                              Hon.  Thomas Ludington

-v-

OFFICER JEFF MADAJ, individually,
OFFICER JUSTIN SEVERS, individually,
OFFICER BRIAN GUEST, individually, and
OFFICER STEVEN WIETECHA, individually,

Defendants.
_____/

GEOFFREY N. FIEGER (P30441)         H.WILLIAM REISING  (P19343)
JAMES J. HARRINGTON, IV (P65351)    PLUNKETT COONEY
GARY N. FELTY, JR. (P55554)          Attorney for Defendants
***Fieger, Fieger, Kenney, Giroux***        111 E. Court Street, Ste 1B
***& Harrington, P.C.***                   Flint, MI 48502
Attorneys for Plaintiffs              810-342-7004
19390 W. Ten Mile Rd.               wreising@plunkettcooney.com
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
j.harrington@fiegerlaw.com
g.felty@fiegerlaw.com
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE INTERNAL POLICIES AND PROCEDURES

      NOW COME the Plaintiffs, DOROTHY ANDERSON and DEMARQUION MERRILL,

as Co-Personal Representatives of the Estate of BOBBY MERRILL, deceased, by and through

their attorneys, FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, PC., and for their

Response to Defendants' Motion in Limine to Preclude Internal Policies and Procedures, state as

follows:

1.      Plaintiffs admit that they have filed this § 1983 claim alleging that defendants used excessive force in violation of the decedent's constitutional rights resulting in his death.

2.      Plaintiffs admit that they may seek to introduce evidence regarding the policies and procedures of the City of Saginaw Police Department.

3.      Plaintiffs neither admit nor deny whether department policies and procedures create a legal standard but deny that the Court held in *Smith v. Freeland*, 954 F.2d 343 (6th Cir. 1992) that they are irrelevant to the determination of whether excessive force was used because defendants' proposition is not true.  The Court held in that case that the defendant's violation of a municipal policy did not necessarily establish a constitutional violation.

4.      Plaintiffs deny that policies and procedures must be excluded from evidence pursuant to Fed. R. Evid. § 401 & § 402 because defendant's allegation is not true.  Rather, the Court held in *King v. Taylor*, 944 F.Supp.2d 548 (E.D. Ky. 2013), citing a myriad of case law, that all the facts and circumstances confronting an officer, including police policies and procedures are relevant in determining whether excessive force was used.

**WHEREFORE** Plaintiffs request that this Honorable Court **DENY** Defendants' Motion and allow evidence of the City of Saginaw's Police Department policies and procedures regarding the use of force and training or lack thereof to be introduced to the jury.

Respectfully Submitted,
**FIEGER, FIEGER, KENNEY, GIROUX
& HARRINGTON, PC**

By:     /s/ Gary N. Felty, Jr.
GEOFFREY N. FIEGER (P30441)
GARY N. FELTY, JR. (P55554)
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI  48075
248.355.5555
g.felty@fiegerlaw.com

Date:  November 10, 2014

**<u>Certificate of Service</u>**

I certify that on November 10, 2014, I electronically filed the foregoing papers with the Clerk of the Court using the electronic filing system for US District Court, which will send notification of such filing to the following:

H.WILLIAM REISING
111 E. Court Street, Ste 1B
Flint, MI 48502

/s/ Ashley N. Glassner

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

DOROTHY ANDERSON and
DEMARQUION MERRILL, as Co-Personal
Representatives of the Estate of BOBBY
MERRILL, deceased

      Plaintiffs,                            Case No.:13-11159
                                                Hon.  Thomas Ludington

-v-

OFFICER JEFF MADAJ, individually,
OFFICER JUSTIN SEVERS, individually,
OFFICER BRIAN GUEST, individually, and
OFFICER STEVEN WIETECHA, individually,

Defendants.
_____/

GEOFFREY N. FIEGER (P30441)         H.WILLIAM REISING  (P19343)
JAMES J. HARRINGTON, IV (P65351)    PLUNKETT COONEY
GARY N. FELTY, JR. (P55554)           Attorney for Defendants
***Fieger, Fieger, Kenney, Giroux***       111 E. Court Street, Ste 1B
***& Harrington, P.C.***                  Flint, MI 48502
Attorneys for Plaintiffs             810-342-7004
19390 W. Ten Mile Rd.               wreising@plunkettcooney.com
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
j.harrington@fiegerlaw.com
g.felty@fiegerlaw.com
_____/

## **PLAINTIFFS' BRIEF IN RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE INTERNAL POLICIES AND PROCEDURES**

## <u>COUNTERSTATEMENT OF ISSUE PRESENTED</u>

Whether the Court should issue a pretrial order excluding evidence of the City of Saginaw Police Department's policies and procedures where courts of this and other circuits regularly hold that policy and procedure evidence is relevant to the issue of whether the defendants used excessive force?

## <u>CONTROLLING AUTHORITY</u>

### <u>Rules</u>

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

### <u>Cases</u>

*King v. Taylor*, 944 F.Supp.2d 548 (E.D. Ky. 2013), and cases cited therein

## COUNTER-STATEMENT OF FACTS

Plaintiffs have stated the facts in their response to Defendants' Motion for Summary Judgment.  Briefly, the decedent, Bobby Merrill, was tased at least 16 times, beaten with batons, kneed, kicked, hog-tied, and left to die in the back of a City of Saginaw Police Department patrol car on April 10, 2012, after he was observed walking in the street.

It has been learned throughout the course of discovery that the City of Saginaw Police Department maintained a use of force policy and required that officers be re-certified annually in the use of tasers.  The taser at issue was manufactured by *TASER INTERNATIONAL***.**  This company produces annual updates regarding the use of tasers, including their safety.  *TASER* updates its customers with reports on the status of the law and advises what has been determined to be a clearly established constitutional right.  The policy of the City of Saginaw is supposed to be to update the officers with the information disclosed by *TASER*.  The policies and procedures were not followed.

Policies and procedures generally do not establish a constitutional violation.  However, their content and whether they have been followed is relevant to the determination of whether excessive force was utilized.  The policies and procedures would have required each of the defendant officers to be re-certified on an annual basis.  *TASER* updates would have been communicated to the officers.  Officers would have been advised that every cycle of a taser constitutes a separate use of force if the policies and procedures would have been followed.  Officers would have been advised that a period of time is required for the subject to respond before re-cycling the taser if the policies were followed.

The evidence at issue is relevant and probative of the issues involved in the case.  The evidence addresses the knowledge of the officers regarding what is a clearly established

constitutional right, what action would be a violation, and whether the officers at issue used excessive force given the state of the law at the time of the incident.

### STANDARD OF REVIEW

Decisions regarding the admissibility of evidence are generally reviewed for abuse of discretion.

### ARGUMENT

It is proper for a court in a § 1983 case alleging the use of excessive force to admit evidence of the municipality's policies and procedures.  Such evidence is relevant, probative, and has been held not to be unduly prejudicial.

Relevant evidence is admissible.  Fed. R. Evid. 402.  Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Relevant evidence must be unduly prejudicial if it is to be excluded.  Fed. R. Evid. 403.

The Court held in *King v. Taylor*, 944. F.Supp.2d 548 (E.D. Ky. 2013), that evidence of police policies and procedures was both relevant and probative of the issue of whether an officer's use force was reasonable.  It also held that such evidence should not be excluded pursuant to Fed. R. Evid. 403.  The Court summarized the holding, distinguishing cases such as those cited by defendants for the proposition that the violation of a policy or a procedure does not necessarily equate to a constitutional violation, as follows:

> [t]his proposition does not necessarily mean that evidence of police training and procedures is never admissible for any purpose in a § 1983 excessive force case.  Notably, "the Sixth Circuit in *Smith* did not rule that [local law enforcement standards] could not be considered by a fact finder, only that they cannot be understood to define the constitutional boundaries by which an officer's conduct is to be judged."  *Alvarado v. Oakland Co.*, 809 F.Supp.2d 680, 690 at FN5 (E.D. Mich. 2011).  In considering whether an officer's actions are "objectively reasonable," all of the facts and circumstances confronting the officer may be considered, including standard police procedures.

*Nelso v. County of Wright*, 162 F.3d 986 (8th Cir. 1998).  *See also Ludwig v. Anderson*, 54 F.3d 465, 472 (8th Cir. 1995) ("Although these 'police department guidelines do not create a constitutional right," *Cole v. Bone*, 933 F.2d 1328, 1334 (8th Cir. 1993), they are relevant to the analysis of constitutionally excessive force."(citing *Garner*, 471 U.S. at 18-19, 105 S.Ct. 1694).  [*King, supra*, 944 F.Supp.2d at 555.]

Evidence regarding national police policies and local police practice, policy, and procedure is relevant and probative of whether excessive force was utilized.  Such evidence should not be precluded as a result of a pretrial motion.

   **WHEREFORE** Plaintiffs request that this Honorable Court **DENY** Defendants' Motion and allow evidence of the City of Saginaw's Police Department policies and procedures regarding the use of force and training or lack thereof to be introduced to the jury.

      Respectfully Submitted,
      ***FIEGER, FIEGER, KENNEY, GIROUX***
      ***& HARRINGTON, PC***

   By:  */s/ Gary N. Felty, Jr.*
      GEOFFREY N. FIEGER (P30441)
      GARY N. FELTY, JR. (P55554)
      Attorneys for Plaintiff
      19390 West Ten Mile Road
      Southfield, MI  48075
      248.355.5555
      g.felty@fiegerlaw.com

Date:  November 10, 2014

<u>**Certificate of Service**</u>

   I certify that on November 10, 2014, I electronically filed the foregoing papers with the Clerk of the Court using the electronic filing system for US District Court, which will send notification of such filing to the following:

H.WILLIAM REISING
111 E. Court Street, Ste 1B
Flint, MI 48502

      */s/ Ashley N. Glassner*